■ VICTORIA WOFFORD, Appellant, v PAULINE E. ADAMS, Respondent. [750 NYS2d 286] —Order, Supreme Court, New York County (Edward Lehner, J.), entered March 11, 2002, which granted defendant partial summary judgment on liability on her counterclaim and directed an assessment of damages, unanimously modified, on the law and the facts, to the extent of granting defendant's motion so as to award judgment against plaintiff in the amount of $7,075.13 for unpaid rent prior to July 30, 2000 and granting plaintiff's cross motion to the extent of declaring that the leasehold was surrendered by operation of law on that date, and otherwise affirmed, without costs. The Clerk is directed to enter judgment accordingly.

Plaintiff-tenant entered into a lease agreement with defendant-owner for the subject condominium apartment, which was extended by written agreement to March 31, 2001 and provided for a monthly rental of $5,625. This lease prohibited the tenant from assigning or subletting the apartment as of right. The tenant could, however, apply for the owner's written permission, and if such permission was granted, the subtenant would not become the owner's tenant and the tenant would still remain bound by the terms of the lease.

Subsequently, plaintiff indicated an intent to vacate and declared her intent to sublet the subject apartment to a potential subtenant. Defendant denied plaintiff's request to sublet, asserting that a sublease by an owner's tenant to a subtenant would not be allowed under the condominium's policies. Plaintiff, however, went forward with her plans to move out of the premises on July 7, 2000 and July 10, 2000. On July 7, defendant mailed a demand for additional informa-

tion pursuant to Real Property Law § 226-b to plaintiff at the subject apartment. Having not received this demand, plaintiff surrendered the keys to the apartment on July 7, but left some property behind with the intent to return to reclaim these items. Subsequently, the locks to the apartment were changed and plaintiff and her husband were prevented from entering the building. On July 20, 2000, plaintiff received defendant's demand by mail, but failed to respond to the demand. After having had the apartment cleaned, repaired and painted, and with no notice to plaintiff, defendant found a suitable subtenant on plaintiff's account in December 2000 with a new monthly rent of $4,700.

Plaintiff commenced this action against defendant on or about June 30, 2000, seeking a declaratory judgment that she had the right to sublet or assign the subject apartment. On July 21, 2000, defendant served her answer to the complaint, asserting a counterclaim for past and future rent. Defendant later moved for summary judgment on her counterclaim and plaintiff cross-moved for summary relief. The motion court granted defendant's motion and held, as a matter of law, that plaintiff breached the lease by vacating the premises prior to the expiration of the lease, noting that plaintiff failed to respond to defendant's demand for more information about the proposed subtenant. It was noted in the motion court's decision that plaintiff withdrew her complaint as moot.

Under these circumstances, even if plaintiff abandoned the leasehold by surrendering the keys, defendant reacted by accepting the abandonment and the lease termination and by using the subject apartment for her own benefit (see *Deer Hills Hardware v Conlin Realty Corp.*, 292 AD2d 565). Defendant should have had summary judgment only as to the rent unpaid as of July 30, 2000, the termination date plaintiff pleaded in her complaint, less the amount that defendant held in escrow and received by check. Accordingly, we modify solely to the extent of granting defendant's motion so as to award judgment against plaintiff in the amount of $7,075.13 for unpaid rent prior to July 30, 2000 and granting plaintiff's cross motion to the extent of declaring that the leasehold was surrendered by operation of law on that date. Concur—Mazzarelli, J.P., Saxe, Ellerin, Lerner and Marlow, JJ.